**HON. BARBARA J. ROTHSTEIN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SPOTTERRF LLC,<br>　　　　　　Plaintiff,<br><br>　v.<br><br>EDWARD KNOCH, *et al*.<br>　　　　　　Defendants, | NO. 3:24-cv-05264-BJR<br><br>**ORDER GRANTING MOTION TO DISMISS** |

## I.   INTRODUCTION

Plaintiff SpotterRF LLC ("Spotter") filed this lawsuit against Defendants Edward Knoch ("Knoch"), Merritt Rysavy ("Rysavy"), and The Knoch Group, LLC ("Knoch Group") (collectively "Defendants") on April 5, 2024. Currently before the Court is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 21. Plaintiff failed to file an opposition or otherwise respond to the motion. Having reviewed the motion, the record of the case, and the relevant legal authority, the Court will grant the motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

Spotter, a Utah-based company, alleges that it provides ground and aerial perimeter surveillance radar services for clients. Spotter further alleges that it hired Knoch as an employee in 2018 and in late 2021 Knoch was promoted to "Director of Services" until he resigned in September 2022. Spotter claims that as its Director of Services Knoch had access to its confidential information. Spotter also claims that it hired Rysavy in January 2021 and Rysavy also had access to Spotter's confidential information until he resigned from the company in December 2022. Spotter alleges that Knoch and Rysavy misappropriated and used Spotter's confidential information and began working with Spotter's competitors in violation of their employment contracts, the Uniform Trade Secrets Act, and the Computer Fraud and Abuse Act. It also claims that Knoch and Rysavy breached their duties of good faith and fair dealing toward Spotter.

On May 2, 2024, Defendants moved this Court to dismiss all claims against them. Dkt. No. 14. This Court struck the motion because Defendants had not satisfied the conferral requirement as set forth in the Court's Standing Order for All Civil Cases ("Standing Order") before filing the motion. Dkt. No. 18. Thereafter, after conferring with Plaintiff's counsel, Defendants renewed their motion to dismiss the complaint.[1] Dkt. No 21. Per the Standing Order, Plaintiff's response to the motion was due on or before August 12, 2024. When Plaintiff failed to file a response by the due date, Defendants' counsel contacted Plaintiff's counsel to see if it intended to voluntarily dismiss the case. Plaintiff's counsel responded that he had believed that the motion to dismiss was moot

---

[1] Defendants' counsel claims that after conferring with Plaintiff's counsel, Plaintiff's counsel indicated that he would amend the complaint to cure its alleged deficiencies but failed to do so. Thus, Defendants renewed their motion to dismiss the current complaint.

2

and, therefore, did not require a response. When informed that the motion was not moot, he allegedly told defense counsel that he would file an opposition to the motion by August 28, 2024. When August 28 came and went without a filing, Plaintiff's counsel emailed defense counsel to say that he would file an opposition on August 30. As of the date of this order, no opposition has been filed. Plaintiff has also failed to respond to Defendants' motion to Compel a Complete Corporate Disclosure Statement, which was due on August 12, 2024.

### III. STANDARD OF REVIEW

A defendant may move to dismiss a complaint pursuant to Federal Rule 12(b)(6) for failure to state a claim on which relief can be granted, and under the Western District of Washington Local Rules, "[i]f a party fails to file [an] opposition to [the] motion, such failure may be considered … an admission that the motion has merit." *Meyer v. Kiesel*, 2024 WL 3161925, *2 (W.D. Wash. June 25, 2024) quoting Local Rules W.D. Wash. CR 7(b)(2). Unlike a motion for summary judgment, a district court is not required to examine the merits of an unopposed motion to dismiss before granting it. *Hancock v. Lovrien*, 2024 WL 3540459, *1 (D. Nevada July 23, 2024) citing *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (the Ninth Circuit refused to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule). However, before granting an unopposed motion to dismiss, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 54.

### IV.     ARGUMENT

The Court concludes that the five *Ghazali* factors weigh in favor of dismissing Plaintiff's claims against Defendants. Plaintiff has failed to file an opposition to the motion even though more than twenty days have passed since the Court-imposed deadline, and despite being given two extensions to the deadline by defense counsel. Plaintiff's non-compliance with court-imposed deadlines—particularly without explanation—slows the expeditious resolution of this litigation and interferes with the Court's ability to manage its docket. Thus, the first two factors weigh in favor of dismissal. The third factor also weighs in favor of dismissal as there is no prejudice to defendants by dismissing this action against them.

The fourth factor—the public policy favoring disposition on the merits—weighs against dismissal, but the Court concludes that the weight of this factor is significantly mitigated in this case. First, Defendants point out that Plaintiff has already filed a substantially similar action that alleged similar claims against the same parties in Utah and the Utah court dismissed the claims. Thus, claims substantially like those raised here have already been addressed on the merits in another court. Second, this Court has reviewed the instant complaint and determined that it lacks merit. For instance, Knoch argues that the breach of contract claims against him fail as a matter of law because there is no valid written contract between him and Spotter for the relevant timeframe. This Court agrees. The complaint attaches two documents, Exhibits A and B, as evidence of an alleged employment agreement between Spotter and Knoch. However, neither

document is what the complaint alleges. Exhibit A is not an employment agreement between Spotter and Knoch; rather, it is an agreement between Spotter and Rysavy. *See* Dkt. No. 1 at Ex. A. Nor is Exhibit B an employment contract between Spotter and Knoch; rather, it is an offer of employment that specifically disavows it is an employment contract: "This letter is simply a summary of the Company's offer of employment to you, provided to you for your convenience, *and shall not constitute or be deemed in any manner whatsoever, a contract of employment*." *Id.* at Ex. B p. 5 (emphasis added). Thus, the breach of contract claims against Knoch fail as a matter of law.

      The Court has reviewed the remainder of Plaintiff's claims and concludes that they are similarly defective. Therefore, the fourth *Ghazali* factor is not weighty here. *See In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (noting that this factor "'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction").

      As to the last factor—whether less drastic measures have been considered—the Court concludes that dismissal without prejudice is proper here. By dismissing the claims without prejudice, Plaintiff may continue to pursue his claims, if appropriate, in a subsequent proceeding. Accordingly, the fifth factor weighs in favor of dismissal.

//

//

//

//

//

V. CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS Defendants' motion to dismiss. All claims against Defendants are dismissed without prejudice and this matter is closed.

Dated this 5th day of September 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge