HON. BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SPOTTERRF LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>EDWARD KNOCH, *et al*.<br>　　　　　　　　Defendants, | NO. 3:24-cv-05264-BJR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND ENTRY OF JUDGMENT** |

## I.   INTRODUCTION

Plaintiff SpotterRF LLC ("Spotter") filed this lawsuit against Defendants Edward Knoch ("Knoch"), Merritt Rysavy ("Rysavy"), and The Knoch Group, LLC ("Knoch Group") (collectively "Defendants") on April 5, 2024. Defendants moved to dismiss the lawsuit for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); Plaintiff failed to file an opposition or otherwise respond to the motion.[1] This Court noted

---

[1] On May 2, 2024, Defendants moved this Court to dismiss all claims against them. Dkt. No. 14. This Court struck the motion because Defendants had not satisfied the conferral requirement as set forth in the Court's Standing Order for All Civil Cases ("Standing Order") before filing the motion. Dkt. No. 18. Thereafter, after conferring with Plaintiff's counsel, Defendants renewed their motion to dismiss the complaint. Dkt. No 21. Per the Standing Order, Plaintiff's response to the motion was due on or before August 12, 2024. When Plaintiff failed to file a response by the due date, Defendants' counsel contacted Plaintiff's counsel to see if the company intended to voluntarily dismiss the case. Plaintiff's counsel responded that he had believed that the motion to dismiss was moot and, therefore, did not require a response. When informed that the motion was not moot, Plaintiff's counsel allegedly told defense counsel that he would file an opposition to the motion by August 28, 2024. When August 28 came and went without a filing, Plaintiff's counsel emailed defense counsel to say that he would file an opposition on August 30. No opposition was

1

Plaintiff's failure to respond to the motion, reviewed the merits of Defendants' arguments, granted the motion to dismiss without prejudice, and the matter was closed on September 5, 2024. Dkt. No. 28.

Currently before the Court is Defendants' Motion for Attorneys' Fees and Final Judgment, and once again, Plaintiff has failed to oppose or otherwise respond to the motion. Dkt. No. 29. Having reviewed the motion, the record of the case, and the relevant legal authority, the Court will grant in part and deny in part Defendants' motion. The reasoning for the Court's decision follows.

## II.     BACKGROUND

Spotter's complaint against Defendants focused on two alleged employment agreements between Spotter and Defendants, Knoch and Rysavy. Spotter brought eight causes of action, alleging *interalia* breach of contract, breach of good faith and fair dealing, breach of confidentiality agreements, interference with contractual relationships, and misappropriation trade secrets. Only one of the causes of action—an alleged violation of the Computer Fraud and Abuse Act—did not reference the contractual agreements.

Defendants moved to dismiss the Complaint, alleging that the "contract claims against Knoch [] are based on a defunct contract and an unsigned offer letter that is *not* a contract." Dkt. No. 21, Mot. to Dismiss, at 2 (emphasis in original). Defendants admitted that a contract existed between Spotter and Rysavy but argued that the claims against Rysavy should nevertheless be dismissed because they were based on illegal restrictive

---

ever filed. Plaintiff has also failed to respond to Defendants' motion to Compel a Complete Corporate Disclosure Statement, which was due on August 12, 2024.

covenants, did not sufficiently identify the allegedly misappropriated trade secrets, and did not sufficiently allege intentional interference with a contractual relationship.

This Court applied the *Ghazali* factors and concluded that dismissal without prejudice was appropriate. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (before granting an unopposed motion to dismiss, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."). This Court also determined that the breach of contract claims against Knoch failed as a matter of law because the Complaint failed to plausibly allege that a contract existed between Spotter and Knoch:

> Knoch argues that the breach of contract claims against him fail as a matter of law because there is no valid written contract between him and Spotter for the relevant timeframe. This Court agrees. The complaint attaches two documents, Exhibits A and B, as evidence of an alleged employment agreement between Spotter and Knoch. However, neither document is what the complaint alleges. Exhibit A is not an employment agreement between Spotter and Knoch; rather, it is an agreement between Spotter and Rysavy. Nor is Exhibit B an employment contract between Spotter and Knoch; rather, it is an offer of employment that specifically disavows it is an employment contract: "This letter is simply a summary of the Company's offer of employment to you, provided to you for your convenience, *and shall not constitute or be deemed in any manner whatsoever, a contract of employment*." Thus, the breach of contract claims against Knoch fail as a matter of law.

Dkt. No. 28, Order Granting Mot. to Dismiss, pp.4-5.

Defendants now move this Court for an order granting attorneys' fees pursuant to a provision in the employment contract between Spotter and Rysavy that provides:

> **CASE COSTS AND ATTORNEY'S FEES.** If any party shall commence any action or proceedings against the other in order to enforce the provisions of this Agreement, or to recover damages as a result of the alleged breach

3

of any of the provisions of this Agreement, the prevailing party therein shall be entitled to recover all reasonable case costs and fees incurred in connection therewith against the other party, including reasonable attorneys' fees.

Dkt. No. 1, Ex. 3, Employment Contract, at pp. 9-10 (bold in original).

### III.    STANDARD OF REVIEW

Defendants filed the instant motion on September 12, 2024. Per the Court's Standing Order, Plaintiff's response was due on or before October 3, 2024. As of the date of this order, Plaintiff has not filed a response or otherwise opposed the motion. Western District of Washington Local Rules provide: "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Civil Rules 7(b)(2). The Ninth Circuit has made clear that a court must examine the merits of an unopposed motion for summary judgment before granting it. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949-50 (9th Cir. 1993). Likewise, in *Ghazali v. Moran*, the Ninth Circuit set forth five factors a court must consider before granting an unopposed motion to dismiss. 46 F.3d 52, 54 (9th Cir. 1995). However, the Court is unaware of any requirement that it must satisfy before granting an unopposed motion for attorneys' fees. Thus, without further guidance from the Ninth Circuit, this Court will assume that the unopposed motion has merit but will also consider it in light of the record of this case.

### IV.    ARGUMENT

A.    **Whether Defendants Are Entitled to Attorneys' Fees**

Defendants assert that they are entitled to attorneys' fees under the attorneys' fees provision in the employment contracts between Spotter and Knoch and Rysavy. According to Defendants, "[v]irtually all of Spotter's causes of action in its Complaint

4

either depend upon or reference the employment agreements as part of the basis for the claims made. As such, the [attorneys' fees] provision should apply to the entirety of the Complaint." Mot. to Dismiss at 6. The Court agrees that Defendants are entitled to attorneys' fees and costs related to their successful defense of the claims alleged against Rysavy. However, Defendants argued in their motion to dismiss that no employment contract existed between Spotter and Knoch and that is one of the bases on which the Court granted the motion to dismiss. Defendants cannot now assert that they are entitled to attorneys' fees under a provision of a contract that they previously alleged did not exist. The Court concludes that Defendants are not entitled to recover attorneys' fees and costs related to their successful defense of the claims against Knoch.

### B. What Is a Reasonable Amount of Attorneys' Fees

In calculating the reasonableness of attorneys' fees, courts generally employ the "lodestar" method, calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Courts look to hourly rates "'prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). The "relevant legal community" is generally the forum in which the district court sits. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1993).

Here, Defendants allege that their attorneys have spent 33.4 hours of partner attorney time and 69.6 hours of associate attorney time on this matter, for a total of $49,895.00 in attorneys' fees, plus $507.88 in costs. Dkt. No. 30, Dec. of Jack M. Lovejoy, ¶¶ 11-12. Defendants also claim that they will expend another $2,000 in

attorneys' fees to bring the instant motion and request that amount be added to the total attorneys' fees. The Court finds that generally both the total number of hours expended, and the hourly rate charged, are reasonable. However, because Defendants are not entitled to recover attorneys' fees and costs for the time spent defending against the Knoch claims, the Court directs Defendants to submit a revised bill of costs that sets forth the attorneys' fees and costs associated with defending the Rysavy claims only.

## V.     CONCLUSION

Based on the foregoing, the Court HEREBY GRANTS in part and DENIES in part Defendants' motion for attorneys' fees and entry of judgment. Defendants are entitled to attorneys' fees and costs for their successful defense of the claims against Rysavy, but not for their defense of the claims against Knoch. Defendants are directed to submit a revised bill of costs that comports with the terms of this order on or before October 31, 2024.

Dated this 18th day of October 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge