**HON. BARBARA J. ROTHSTEIN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SPOTTERRF LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>EDWARD KNOCH, *et al*.<br>                Defendants, | NO. 3:24-cv-05264-BJR<br><br>**REVISED ORDER GRANTING DEFENDANTS' ATTORNEYS' FEES AND COSTS** |

## I. INTRODUCTION

Plaintiff SpotterRF LLC ("Spotter") filed this lawsuit against Defendants Edward Knoch ("Knoch"), Merritt Rysavy ("Rysavy"), and The Knoch Group, LLC ("Knoch Group") (collectively "Defendants") on April 5, 2024. On July 22, 2024, Defendants filed a motion to dismiss Spotter's complaint pursuant to Federal Rule 12(b)(6); Spotter did not oppose or otherwise respond to the motion. Dkt. No. 21.[1] This Court granted Defendants' motion to dismiss the complaint and the matter was closed. Dkt. No. 28.

Thereafter, Defendants filed a motion for attorneys' fees and entry of judgment. Dkt. No. 29. Once again, Spotter did not oppose or otherwise respond to the motion. On

---

[1] This was Defendants' second motion to dismiss; the Court struck the first motion to dismiss, filed on May 2, 2024, for failing to comply with the conferral requirement set forth in the Court's Standing Order for All Civil Cases. *See* Dkt. Nos. 4, 14, and 18.

1

October 18, 2024, this Court granted the motion as to Defendants' request for attorneys' fees related to the claims against Mr. Rysavy but denied the motion as to the request for fees expended in defense of the claims against Mr. Knoch, and instructed Defendants to submit a revised bill of costs that reflected the Court's decision. Dkt. No. 34. Currently before the Court is Defendants' revised bill of costs in which Defendants also request that the Court reconsider its decision to deny attorneys' fees for the claims related to Mr. Knoch.

## II. DISCUSSION

### A. Background

Spotter filed this lawsuit against Mr. Rysavy and Mr. Knoch alleging that they had breached their employment agreements. Spotter attached a copy of Mr. Rysavy's employment agreement to the complaint and purported to also attach a copy of Mr. Knoch's employment agreement; however, the document that Spotter claimed to be Mr. Knoch's employment agreement was another copy of Mr. Rysavy's employment agreement. Spotter also attached a copy of a January 31, 2019 offer letter to Mr. Knoch that it claimed "outlin[ed] [Mr. Knoch's] new responsibilities and ma[de] other alterations to his employment with Spotter." Dkt. No. 1 "Comp." at ¶ 27, Ex. B. However, the offer letter was unsigned and specifically disavowed that it was an employment contract: "This letter is simply a summary of the Company's offer of employment to you, provided to you for your convenience, *and shall not constitute or be deemed in any manner whatsoever, a contract of employment.*" *Id*. at Ex. B p. 5 (emphasis added).

Relevant to the instant motion for attorneys' fees, Defendants argued in their motion to dismiss that the breach of contract claims against Mr. Knoch failed because they were based on a "defunct contract and an unsigned offer letter that is *not* a contract." Dkt. No. 21 "Mot. to Dismiss" at 2 (emphasis in original) (claiming that "Spotter hired [Mr.] Knoch twice; the second time it did so without a contract."). This Court agreed and granted the motion to dismiss as to the claims against Mr. Knoch (ultimately, the Court granted the motion as to all claims against all Defendants).

Defendants then moved for attorneys' fees and costs associated with their successful defense of the claims against them. They argued that at "the core of Spotter's Complaint are alleged employment agreements between Spotter and … Mr. Knock and Mr. Rysavy" and that Spotter "attached the alleged agreements to its Complaint and argued that their terms bound both individual defendants." Dkt. No. 29 "Mot. for Att. Fees" at 4. Defendants further argued that the attached agreements state that they are governed by Utah law and provide for an award of attorneys' fees and costs to the prevailing party. Defendants alleged that under Utah law, a court may award attorneys' fees and costs to either party that prevails in a civil action based upon a written contract when the contract allows at least one party to recover fees. *Id*. at 6 citing Utah Civil Code § 75B-5-826 and *Hahnel v. Duchesne Land, LC*, 305 P.3d 208, 212 (Utah Ct. App. 2013).

**B.      This Court's Prior Ruling on the Motion for Fees and Costs**

After reviewing Defendants' unopposed motion for attorneys' fees and costs, this Court concluded that Defendants are entitled to the attorneys' fees that they reasonably expended to successfully defend the claims against Mr. Rysavy because the employment agreement between him and Spotter contained a provision for awarding such fees.

However, this Court concluded that Defendants are not entitled to the attorneys' fees expended on the claims filed against Mr. Knoch because Defendants had argued in their motion to dismiss that no employment contract existed between Spotter and Mr. Knoch, and that was one of the bases on which this Court granted the motion to dismiss. This Court concluded that Defendants could not claim that they are entitled to attorneys' fees under a provision of a contract that they had previously alleged did not exist. The Court then performed a lodestar analysis and determined that "generally both the total number of hours expended, and the hourly rate charged, are reasonable" but because Defendants were not entitled to recover attorney fees' fees expended on the claims against Mr. Knoch, this Court directed Defendants to submit a revised bill of costs that sets forth the attorneys' fees and costs associated with defending the Rysavy claims only. Dkt. No. 34 at 6.

As instructed, Defendants have submitted the revised bill of costs, but they also argue that they are entitled to attorneys' fees related to the claims against Mr. Knoch, citing to cases applying Utah law in which courts have awarded attorneys' fees to defendants who successfully defended against breach of contract claims—even if the successful defense was that there was no enforceable contract. According to Defendants, Utah courts award attorneys' fees to the prevailing party if two conditions are met: "first, the underlying litigation must be based upon a contract; and second, the contract must allow at least one party to recover attorney fees." Dkt. No. 35 "Supp. Mot. for Att. Fees" at p. 4 (quoting *Hooban v. Unicity Intern., Inc.*, 220 P.3d 485, 488 (2009)).

### C.  Analysis

This Court has reviewed the cases cited by Defendants in their supplemental motion for attorneys' fees and finds them persuasive. Spotter did allege that Mr. Knoch was subject to an employment contract. Even though the contract that Spotter claimed governed its relationship with Mr. Knoch was unequivocally a contract between Spotter and Mr. Rysavy, it is undisputable that Spotter based its claims against Mr. Knoch on that contract. Thus, the first condition for awarding attorneys' fees under Utah law is satisfied.[2] In addition, the cited employment agreement contains a provision that awarded attorneys' fees to the prevailing party. Therefore, the second condition for awarding attorneys' fees is satisfied. As such, Defendants are entitled to an award of the full attorneys' fees and costs as set forth in Mr. Lovejoy's declaration submitted in support of Defendants' motion for fees and costs. *See* Dkt. No. 30.

### III.  CONCLUSION

Based on the forgoing, the Court HEREBY AWARDS Defendants $52,403.88 in attorneys' fees and costs. A judgment will follow this order.

Dated this 13th day of November 2024.

Barbara Jacobs Rothstein
U.S. District Court Judge

---

[2] The Court applies Utah law here because the cited employment agreement states that it is governed by Utah law.